**No. 25-50301**

---

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

IN THE MATTER OF: MICHAEL ZEPH ROUQUETTE AND ETTA DAWN ROUQUETTE,
*Debtors*

JOHN PATRICK LOWE
*Appellant*

v.

INTERNAL REVENUE SERVICE.
*Appellee*

---

On Appeal from the United States District Court
for the Western District of Texas, San Antonio. Division
USDC No. 23-CV-00004, Judge Xavier Rodriguez

---

## BRIEF OF APPELLANT JOHN PATRICK LOWE

---

SUBMITTED BY:
Roderick J. Regan
Regan Law Firm
13423 Blanco Rd. #533
San Antonio, TX 78216
210-387-9747

i

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities, as described in the fourth sentence of Rule 28.2.1, have an interest in the outcome of this case. These representations are made so that the judges of this court may evaluate possible disqualification or recusal.

## 1) Plaintiff-Appellant:

John Patrick Lowe, Chapter 7 Bankruptcy Trustee, Western District of Texas

## 2) Defendants-Appellees:

Internal Revenue Service of the United States of America

## 3) Counsel for Plaintiff-Appellant:

John Patrick Lowe
J. Patrick Lowe P.C.
2402 East Main Street
Uvalde, TX 78801

Roderick J. Regan
Regan Law Firm
13423 Blanco Rd., #533
San Antonio, TX 78216

## 4) Counsel for Defendants-Appellees:

Matthew S. Johnshoy
US Department of Justice, Tax Division, Appellate Section
PO Box 502
Washington, DC 20044

Andrew L. Sobotka
Tax Division, U.S. Department of Justice
717 N. Harwood St., Suite 400

Dallas, TX 75201

## 5) **Bankruptcy Creditors** (with filed proofs of claim)

| Claim No. | Creditor |
|---|---|
| 1 | Cavalry SPV, LLC (Claim withdrawn 1/24/22) |
| 2 | Edfinancial Services on behalf of Trellis Company Capital |
| 3 | Edfinancial Services on behalf of Trellis Company Capital |
| 4 | Metropolitan Methodist Hospital; Resurgent Capital Services |
| 5 | United States Department of Education Claims Filing Unit |
| 6 | Citibank, N.A. |
| 7 | Citibank, N.A. |
| 8 | Internal Revenue Service, Department of Treasury |
| 9 | Synchrony Bank, AIS InfoSource, LP as agent |
| 10 | Jefferson Capital Systems, LLC |
| 11 | LVNV Funding, LLC, Resurgent Capital Services |
| 12 | LVNV Funding, LLC, Resurgent Capital Services |
| 13 | Small Business Administration |
| 14 | U.S. Small Business Administration |

/s/ Roderick J. Regan
Roderick J Regan
Attorney for Appellant John Patrick Lowe

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not warranted by this appeal. The Court can readily decide the issues presented based on established law, undisputed evidence, and a record of relatively limited size.

Should this Court decide that oral argument would be helpful, the Appellant preserves his right to participate by a conditional request.

# Table Of Contents

Certificate of Interested Persons ................................................................... ii

Statement Regarding Oral Argument ................................................................ iv

Table of Contents ............................................................................................ 1

Table of Authorities ........................................................................................ 3

Jurisdictional Statement .................................................................................. 5

Statement of the Issue ..................................................................................... 5

Statement of the Case ..................................................................................... 6

Summary of the Argument ............................................................................ 10

Standard of Review ....................................................................................... 11

Argument ...................................................................................................... 12

**The lower court erred in reversing the Bankruptcy Court's orders by holding that Debtors received reasonably equivalent value for their estimated tax payments. ........................................................................... 12**

**1. The lower court erred in holding that the estimated tax payments provided "value" under 11 U.S.C. § 548(d)(2)(A). ......................... 12**

   **a. The estimated tax payments are for a contingent post-petition future debt, and do not provide value as "property" at the time of transfer by labeling them as a "prepayment" or "tax credit." ........................................................................................ 13**

   **b. The lower court's ruling effectively and wrongfully grants the benefits of a short year election to the Government. ............... 15**

   **c. The lower court's "dollar-for-dollar" rationale is dangerously overbroad. ................................................................ 16**

**2. The judicial decisions relied upon by the lower court do not overcome the Bankruptcy Court's reasoning. ......................................................... 18**

**3. The lower court's slippery slope fears do not overcome the the Bankruptcy Court's reasoning. ................................................................. 20**

**4. Congress has expressly provided the Government with an option for post-petition tax claims to be paid as of the bankruptcy filing in Chapter 13 cases, so its omission of such an election in Chapter 7 cases should not be deemed inadvertent. ......................................................21**

CONCLUSION AND PRAYER  .............................................................24
CERTIFICATE OF SERVICE  ..............................................................25
CERTIFICATE OF COMPLIANCE  .....................................................25

# TABLE OF AUTHORITIES

<u>CASES</u>

*Bennett v. Barnett*, 210 F.3d 272 (5th Cir.2000) ......................................16

*Christian v. Pac. W. Bank*, 581 B.R. 797 (E.D. Tex.2017) ....................................11

*In re Colliau,* 584 B.R. 812 (Bankr. W.D.Tex.2017) .............................................13

*In re Dixon*, 209 B.R. 535 (Bankr. W.D.Okla.1997) ..............................................13

*In re Gonzalez*, 112 B.R. 10 (Bankr. E.D.Tex.1989) .............................................15

*In re Johnson,* 190 B.R. 724 (Bankr. D.Mass.1995) ........................................14, 15

*In re Knobel*, 167 B.R. 436 (Bankr. W.D.Tex.1994) ..............................................16

*In re Middendorf,* 381 B.R. 774 (Bankr. D.Kan.2008) ....................................15, 18

*In re Prativadi*, 281 B.R. 816 (Bankr. W.D.N.Y.2002) .........................................12

*In re Simmons*, 124 B.R. 606 (Bankr. M.D.Fla.1991) ...........................................18

*In re Taylor*, 386 B.R. 361 (Bankr. S.D.Fla.2008) ...............................................18

*In re Turboff*, 93 B.R. 523 (Bankr. S.D.Tex.1988) ..........................................12, 16

*In re Weir,* No. 85-40456-7, 1990 WL 63072
    (Bankr. D.Kan.Apr. 3, 1990) ....................................................18, 19

*In re Woods*, 316 B.R. 522 (Bankr. N.D. Ill. 2004) ...............................................21

*Martin v. Internal Revenue Serv. (In re Martin)*, 508 B.R. 717
    (Bankr. E.D.Cal.2014) ...........................................................13

*Steadman v. Tex. Rangers*, 179 F.3d 360 (5th Cir. 1999) ......................................11

*Whitlock v Lowe,* 945 F.3d 943 (5th Cir. 2019) ....................................................14

STATUTES

11 U.S.C. § 548(a)(1)(B) ..................................................................8

11 U.S.C. § 548(d)(2)(A) ..............................................5, 9, 10, 12, 14, 16

11 U.S.C. § 1305(a)(1) ....................................................................21

26 U.S.C. § 1398 ....................................................................*passim*

26 U.S.C. § 6654(d) ...............................................................7, 17, 19

26 U.S.C. § 7345 ..........................................................................13

RULES

Fed. Rule of App. Proc. 5th Cir. 28.2.1 ...................................................... ii

Fed. R. App. Proc. 32(a)(6) ...............................................................23

Fed. R. App. Proc. 32(a)(7)(B)(i) ........................................................23

PUBLICATIONS

Paul J. Hartman, *A Survey of the Fraudulent Conveyance in Bankruptcy*,
17 Vand. L. Rev. 381 (1964) ..............................................................16

IRS, *Get help with tax debt*, IRS.gov, May 8, 2025,
https://www.irs.gov/payments/get-help-with-tax-debt ...........................................13

Jackson Hewitt Tax Services, *What is Tax Debt? Understanding
Your IRS Debt and Options,* JacksonHewitt.com, May 8, 2025,
https://www.jacksonhewitt.com/tax-help/tax-tips-topics/back-taxes/what-is-tax-debt-guide/ ....13

# JURISDICTIONAL STATEMENT

This Court has jurisdiction over this appeal under 28 U.S.C. § 1291 because it is an appeal from a final judgment of the District Court, which disposes all of the parties' claims, and is an appeal of an Order on Bankruptcy Appeal by the District Court reversing the Bankruptcy Court's December 19, 2022, judgment avoiding transfers. The Bankruptcy Court's judgment is supported by the December 9, 2022, Order Granting Plaintiff, now Appellant herein, John Patrick Lowe, Chapter 7 Trustee's Motion for Summary Judgment against Defendant, Internal Revenue Service (ROA.210 - 229), containing the Court's findings of fact and conclusions of law.

Appellant timely appealed by filing his Notice of Appeal within 30 days of the District Court's *Order on Bankruptcy Appeal* issued on March 18, 2025 (ROA.904 - 914), reversing the Bankruptcy Court's findings and conclusions, and with instructions to enter judgment for the Internal Revenue Service.

# STATEMENT OF THE ISSUE

The issue presented in this appeal is:

Did the lower court err in reversing the Bankruptcy Court's orders by holding that the debtors received reasonably equivalent value, as defined by 11 U.S.C. § 548(d)(2)(A), for their estimated tax payments?

## STATEMENT OF THE CASE

The Chapter 7 Trustee's amended complaint aimed to recover $26,000 in tax payments made by Debtors in the six months before filing for bankruptcy. (ROA.540) The Internal Revenue Service countered that the Trustee was not entitled to recover the estimated payments because Debtors received reasonably equivalent value in exchange for those estimated tax payments. (ROA.546)

The parties stipulated (ROA.563) to the following facts.

1.     Debtors Michael and Etta Dawn Rouquette filed a Chapter 7 bankruptcy petition on December 8, 2021.

2.     Between June 15, 2021, and December 6, 2021, Debtors made estimated tax payments totaling $26,000 toward their expected 2021 tax year Form 1040 individual income tax liability.  Specifically, the Debtors made deposits of:

   a.     $2,000 on or about June 15, 2021;

   b.     $4,000 on or about July 15, 2021;

   c.     $5,000 on or about October 15, 2021;

   d.     $4,995 on or about December 6, 2021; and

   e.     $10,005 on or about December 6, 2021.

3.     All five transfers were made from the Debtors' account xxxx 8169 at Randolph Brooks Federal Credit Union, containing property of the Debtors.

4.     Based on representations made by Debtors in their bankruptcy petition, they were insolvent at the time of the transfers.

6

5.     26 U.S.C. § 6654(d) requires estimated tax payments in the lesser of 90% of the current year's (2021) tax liability or 100% of the previous year's liability. Debtors' previous year's liability for 2020 was $8,552.

6.     Debtors had not yet filed their 2021 tax return. Their extension request showed an estimated tax liability of $21,000. This estimated tax liability was supported by reported earnings, non-employee compensation, and unemployment income totaling $177,443.

7.     The parties subsequently cross-moved for summary judgment (ROA.565 - 610; and 613 - 623) wherein the following additional facts were established.

a.     Debtors' 2021 federal tax account was credited with Debtors' $26,000 estimated payments on or before April 20, 2022. (ROA.143 – 144)

b.     Debtors' 2021 Form 1040 tax liability was $23,177, and after credit for the $26,000 estimated payments and $1,302 in withholding, Debtors claimed an overpayment of $4,112. (ROA.204 – 205) The overpayment was refunded to Debtors who forwarded the refund to the Trustee. In turn, the Trustee returned $246.72 to the Debtors. (ROA.479)

8.     The Bankruptcy Court granted the Trustee's Motion for Summary Judgment. (ROA.210 - 229) The Bankruptcy Court found in its Order that Debtors' failure to make a 26 U.S.C. § 1398 short year election precluded Debtors' 2021

federal tax liability from being a pre-petition claim against their bankruptcy estate. (ROA.224) Concurrently, the Bankruptcy Court concluded that the transfers were voidable under 11 U.S.C. § 548(a)(1)(B) because:

a.     the transfers were of an interest in the Debtors' property;

b.     the transfers were made within two years before the bankruptcy was filed;

c.     Debtors received less than reasonably equivalent value in exchange for the transfers; and

d.     Debtors were insolvent or became insolvent as a result of the transfers. (ROA.228)

9.     The Internal Revenue Service timely filed a Motion to Reconsider that Order (ROA.232 - 239), which the Bankruptcy Court denied. (ROA.362 - 375) In its Order on reconsideration, the Bankruptcy Court agreed that "§ 548 examines if a fraudulent transfer occurs as to a debtor, not the debtor's estate." The Bankruptcy Court further agreed "that there should not be a presumption of constructive fraud applied to this adversary proceeding." (ROA.369) That said, the Bankruptcy Court restated its prior determination that "at the time Debtors made their estimated tax payments, it was a credit against a future obligation, and not a payment for value on a present or antecedent debt." (ROA.371) Additionally, the Bankruptcy Court

limited the application of 548(d)(2)(A) "value" to property that satisfies a present or antecedent debt." (ROA.369)

10.     On December 19, 2022, the Bankruptcy Court entered a Judgment Avoiding Transfers. (ROA.242 - 244) Specifically, the Judgment:

    a.     granted counts I and II of the Trustee's motion for summary judgment;

    b.     voided transfers totaling $21,888;

    c.     divested the United States, Internal Revenue Service, of all right, title, and interest in the $21,888; and

    d.     ordered the United States, Internal Revenue Service, to turn the $21,888 over to the Trustee to be preserved for the bankruptcy estates.

The Internal Revenue Service timely filed a Motion to Alter or Amend that judgment (ROA.255), which the Bankruptcy Court denied. (ROA.376 – 377) By Text Order dated March 27, 2023, the District Court stayed the requirement to turn the $21,888 over to the Trustee pending resolution of the appeal to the District Court.

11.     The District Court issued its Order on Bankruptcy Appeal on March 18, 2025, reversing the Bankruptcy Court and remanding this case with instructions to enter judgment for the Government. (ROA.904 - 914) The lower court concluded that "the Debtors received the reasonably equivalent value of their estimated tax

payments because the payments represented a reasonable estimate of their future tax liability." (ROA.914) The Trustee now appeals to this Court.

## SUMMARY OF THE ARGUMENT

There are no disputed fact issues in this appeal.

The pre-petition estimated tax payments were for a possible post-petition liability, i.e., potential future debt. So, contrary to the lower court's reasoning, they do not provide "value," defined by 11 U.S.C. § 548(d)(2)(A) as "property" at the time of transfer by merely labeling them as a "prepayment" or "tax credit." Payments of potential future debts are not "value" to the debtor at the time of transfer under § 548(d)(2)(A). If they were, Congress could have omitted the "present or antecedent debt" limitations to "value" under § 548(d)(2)(A), making the satisfaction or securing of all debt to constitute reasonably equivalent value in exchange for a pre-petition transfer.

The lower court's analysis incorrectly ignores § 1398. In § 1398, Congress provided a short year tax option only to debtors, not the Government. The lower court's ruling effectively and wrongfully grants to the Government the benefits of a short year election. The ruling permits the payment of possible post-petition future debt, with insolvent debtors' pre-petition assets transferred to the Government and out of the reach of creditors before filing for bankruptcy.

The Appellant requests that this Court reverse the lower court's ruling and

reinstate the Bankruptcy Court's rulings.

## STANDARD OF REVIEW

This is a contested matter resolved by summary judgment. Absent the existence of a material fact, dispositive motions are reviewed *de novo*. *Steadman v. Tex. Rangers*, 179 F.3d 360, 366 (5th Cir. 1999); *see also Christian v. Pac. W. Bank*, 581 B.R. 797, 803 (E.D. Tex.2017) ("The standard of review for the granting of summary judgment and the denial of a cross-motion for summary judgment is *de novo*.").

# ARGUMENT

The lower court erred in reversing the Bankruptcy Court, thereby allowing pre-petition assets to pay possible post-petition future debt.

### 1. The lower court erred in holding that the estimated tax payments provided "value" under 11 U.S.C. § 548(d)(2)(A).

The lower court did not dispute that in this case, where the Debtors did not make a short year election,[1] no portion of the debtor's pre-petition income tax liability for the year ending after the filing of the petition can be assessed or claimed against that debtor's asset bankruptcy estate; it can only be assessed against the debtor.[2] But the court erred in concluding it could ignore § 1398 by finding that the estimated tax payments had "value" under 11 U.S.C. § 548(d)(2)(A) as an "asset," being a "prepayment" or "tax credit". This analysis of "value" fails, since the estimated payments are to satisfy or secure a possible future debt, and "value" under 11 U.S.C. § 548(d)(2)(A) is limited to "present or antecedent" debt.

---

[1] 26 U.S.C. § 1398(d)(2(A), routinely referred to as a "short year election".
[2] E.g., *In re Turboff*, 93 B.R. 523, 525-26 (Bankr. S.D.Tex.1988); *In re Prativadi*, 281 B.R. 816, 819-20 (Bankr. W.D.N.Y.2002)

### a. The estimated tax payments are for a possible post-petition future debt, and do not provide value as "property" at the time of transfer by labeling them as a "prepayment" or "tax credit."

The lower court does not contend that the estimated tax payments fulfill § 548's requirement of satisfying or securing a present or antecedent debt.[3] Instead, the court reasons that § 548's requirements are met because the debtor received "property of reasonably equivalent value." [4] The purported "property" received by Debtors from their transfer of estimated tax payments to the Government was a "prepayment" and a "tax credit." [5] This reasoning looks to avoid the obvious: income tax liability is a debt.

Federal income tax liability is pervasively referred to as "debt" in both financial and legal contexts, including publications of Appellee.[6] Debtors' estimated tax payments were made to satisfy or secure this debt, should it later arise after their bankruptcy filing. Without the short year election, this debt is a possible future debt, not the present or antecedent debt comprising "value" under § 548.[7]

---

[3] *Order on Bankruptcy Appeal,* ROA.909 - 910.

[4] *Id.*

[5] *Id.*

[6] *See,* e.g., Internal Revenue Code, 26 U.S. Code § 7345; *In re Dixon*, 209 B.R. 535, 536 - 37 (Bankr. W.D.Okla.1997); *Martin v. Internal Revenue Serv. (In re Martin)*, 508 B.R. 717, 723 (Bankr. E.D.Cal.2014); IRS, *Get help with tax debt*, IRS.gov, May 8, 2025, https://www.irs.gov/payments/get-help-with-tax-debt; Jackson Hewitt Tax Services, *What is Tax Debt? Understanding Your IRS Debt and Options,* JacksonHewitt.com, May 8, 2025, https://www.jacksonhewitt.com/tax-help/tax-tips-topics/back-taxes/what-is-tax-debt-guide/.

[7] *See,* e.g., *In re Colliau,* 584 B.R. 812, 815 (Bankr. W. D. Tex. 2017) ("If an estimated tax payment is a payment of an antecedent or present debt, then the transfer in satisfaction of the tax

"Value" to the debtor, in exchange for the transferred estimated tax payments, "means property, or satisfaction or securing of a present or antecedent debt of the debtor …" § 548(d)(2)(A). The debt in the instant case is not a "present or antecedent debt." Debtors transferred estimated tax payments to the Government to satisfy or secure possible future debt. So, as a payment for future debt, nothing was received constituting "value" under § 548(d)(2)(A).

If § 548(d)(2)(A) included "future debts," Congress could have omitted the "present or antecedent debt" limitations to "value" in § 548(d)(2)(A), making the satisfaction or securing of all debt to constitute reasonably equivalent value in exchange for a transfer. The Government's and the lower court's opinions of value, as including future debt, contradict the plain language of § 548(d)(2)(A), which limits "value" to "present or antecedent" debt.[8]

The lower court sidesteps the "present or antecedent" limitations on transfers that satisfy or secure debt by dressing up the estimated tax payments as "property," labeling them as "prepayments" or "tax credits".[9] But estimated tax payments have only one purpose: to satisfy or secure a possible future debt to the Government that,

---

debt would be a dollar-for-dollar exchange and would be for a reasonably equivalent value. If an estimated tax payment is a payment of future debt, then it would not meet the definition of value, and could be avoidable as a fraudulent transfer."); *Order on Bankruptcy Appeal,* p.5, quoting *In re Johnson,* 190 B.R. 724, 726 (Bankr. D.Mass.1995) ("A debtor's failure to make an election under section 1398(d) makes the entire tax liability a post-petition liability.").

[8] *See Whitlock v Lowe,* 945 F.3d 943, 947 (5th Cir. 2019) ("In matters of statutory interpretation, text is always the alpha.").

[9] *Order on Bankruptcy Appeal,* ROA.909 - 910.

without a short year election, arises after [10] the filing of the bankruptcy petition. The option to transfer some of this future debt to "present" debt at the time of the bankruptcy filing by a short year election belongs to debtors, not the Government.[11]

### b. The lower court's ruling effectively and wrongfully grants the benefits of a short year election to the Government.

The Bankruptcy Court's reasoning in the instant case is consistent with Congress limiting the reach of the short year election to the debtor (while omitting the Government from making such an election).[12] Without the short year election, the year-end tax liability is not transported back in time to the bankruptcy petition date, to match up with property of the debtor, described by the lower court as prepayments and tax credits as a result of the estimated tax payments.

The lower court's reasoning of a "dollar-for-dollar" credit against a tax liability that is not a debt of the bankruptcy estate should not be found sufficient to grant an acceleration election to the Government that Congress withheld from § 1398. The short-term election in § 1398 is part of a comprehensive statutory

---

[10] E.g., *In re Gonzalez*, 112 B.R. 10, 11 (Bankr. E.D.Tex.1989) ("The tax liability does not arise until the close of the calendar year and is not due until the time for filing the return.") (citing 26 U.S.C. § 6151).

[11] *See In re Middendorf*, 381 B.R. 774, 780 (Bankr. D.Kan.2008) ("The short year election in 26 U.S.C. § 1398(d)(2) is *optional*, and this Court should not adopt a rule that has the effect of imposing such an election where the debtor did not make one.") (emphasis in original).

[12] *Order on Bankruptcy Appeal*, ROA.908; and referencing Judge Gargotta's citation of *Johnson*, 190 B.R. at 726.

scheme.[13] "Courts will not act to create additional judicial remedies, even where a particular litigant does not have a remedy available under the statutory scheme." *Bennett v. Barnett*, 210 F.3d 272, 276 (5th Cir. 2000). The lower court's attempt to extend the reach of the short year election beyond the debtor to the Government is invalid and should be rejected.

### c. The lower court's "dollar-for-dollar" rationale is dangerously overbroad.

The lower court's "dollar-for-dollar" logic could dangerously justify other applications of pre-petition deposits to post-petition future debt. Under the lower court's analysis, a debtor looking to favor certain creditors over others needs merely to make pre-petition deposits and apply such deposits to post-petition future debt with such creditors. Under the lower court's reasoning, these payments of future debt escape the present and antecedent debt limitations of § 548(d)(2)(A) by labeling them as "prepayments" or "credits," hence "property." This is the type of harm to creditors that § 548 and earlier laws have long [14] allowed trustees to remedy.

§ 548 empowers a trustee to avoid fraud and self-dealing by an insolvent

---

[13] *In re Knobel*, 167 B.R. 436, 442 – 45 (Bankr. W.D.Tex.1994) ("Section 1398 of the Bankruptcy Tax Act of 1980 was enacted to provide the first comprehensive treatment of individual debtors in chapter 7 cases." (citations omitted)); *Turboff*, 93 B.R. at 525.

[14] Paul J. Hartman, *A Survey of the Fraudulent Conveyance in Bankruptcy*, 17 Vand. L. Rev. 381, 381 - 82 (1964) ("Our notions of fraudulent conveyances, by and large, trace to the Statute of 13 Elizabeth (commonly called the Statute of Fraudulent Conveyances), enacted in England in 1570. In fact, even as early as 1542 English bankruptcy law regarded it as essential to the achievement of the main purpose of such legislation that provisions be made to recover for the

debtor at the expense of the estate's creditors. Under the interpretations of the lower court and the Government, in the absence of a § 1398 election, insolvent debtors can pay post-petition tax liability with valuable assets diverted from the estate's creditors. This would be particularly useful where the debtor had exempt tax-deferred assets, such as IRAs or 401(k)s. Substantial pre-petition assets otherwise available to creditors could instead be deposited by insolvent debtors with the IRS as estimated tax payments. Between the bankruptcy filing and the end of the year, the tax-deferred assets can be liquidated, with the resulting taxes paid with the funds deposited pre-petition at the IRS. The result is fraud on creditors, using pre-petition assets to pay for post-petition tax liability.

Requiring the short year election to match up year-end tax liability with pre-petition assets, as the Bankruptcy Court held, forecloses using the IRS as a savings account for a bankrupt debtor's sole post-petition use. Further, using the Trustee's reasoning based upon § 6654(d),[15] the IRS receives all calculable estimated tax payments due as of the bankruptcy filing, even where the short year election is not made. Allowing a debtor to convert his pre-petition property into a future tax attribute beyond the estimated tax payments due, and that is free of the claims of his

---

benefit of creditors, property fraudulently disposed of by the bankrupt; this concern has continued to the present day.") (citations omitted).

[15] *Order on Bankruptcy Appeal,* ROA.910, referring to Bankruptcy Court's discussion of Trustee's analysis reducing the amount of fraudulent conveyance by the amount of estimated taxes due.

17

pre-petition creditors, should be considered contrary to the public policy underlying the Bankruptcy Code.[16]

## 2. The judicial decisions relied upon by the lower court do not overcome the Bankruptcy Court's reasoning.

The lower court's analysis relies upon three cases outside of the Fifth Circuit urged by the Government in its brief: *Middendorf*,[17] *Simmons*,[18] and *Weir*.[19] These three cases were distinguished by both the Bankruptcy Court[20] and the Trustee[21] in his brief to the lower court.

In addition to the arguments already made by the Bankruptcy Court and the Trustee, *Middendorf* is also distinguishable in that "[t]he Trustee's demand on the IRS and the proposed settlement are based on a preference claim" under 11 U.S.C. § 547, instead of § 548.[22] Contrary to the Trustee in the instant case, the trustee in *Middendorf* offered "no facts or arguments to support any element of a § 548 claim."[23]

*Simmons* did not involve, among other things, any analysis of the short year

---

[16] *See In re Taylor*, 386 B.R. 361, 370 (Bankr. S.D.Fla.2008) (addressing a debtor's net operating loss carry-back waiver).

[17] *Middendorf,* 381 B.R. at 774.

[18] *In re Simmons*, 124 B.R. 606 (Bankr. M.D.Fla.1991).

[19] *In re Weir,* No. 85-40456-7, 1990 WL 63072, at *4 (Bankr. D.Kan.Apr 3, 1990) (unpublished in Federal or Bankruptcy reporters).

[20] *Order Granting Plaintiff John Patrick Lowe, Chapter 7 Trustee's Motion For Summary Judgment Against Defendant Internal Revenue Service (ECF No. 12)*, ROA.642 - 646.

[21] *Appellee's Brief,* ROA.513 – 519.

[22] *Middendorf,* 381 B.R. at 777.

[23] *Id.*

election.[24]

*Weir* concluded,[25] as did the lower court,[26] that the trustee's short year election argument would "funnel pre-petition tax payments into bankruptcy estates in all cases even though pre-petition tax liability would bypass the estates where the debtors fail to make the IRS § 1398 election." To the extent this concern has any validity, it is substantially overcome by the Trustee's submission to the lower court that the fraudulent conveyance recoverable by a trustee is limited to the amount that the estimated tax payments made exceed the estimated tax payments due under § 6654 of the Internal Revenue Code. *Weir* did not consider § 6654 in the context of the trustee's § 548 claim.

The estimated tax payments due for most individuals by § 6654 are the taxes shown on their prior year's return. It would only be in unusual circumstances, where an insolvent debtor makes estimated tax payments higher than these relative amounts defined by the Internal Revenue Code, that an amount would be recoverable under § 548 by a trustee for creditors. There is nothing nefarious about a trustee recovering for the benefit of creditors IRS deposits by an insolvent debtor above the amounts required to be paid by § 6654.

---

[24] *Order Granting Plaintiff John Patrick Lowe, Chapter 7 Trustee's Motion For Summary Judgment Against Defendant Internal Revenue Service (ECF No. 12),* ROA.225 - 226.
[25] *Weir,* No. 85-40456-7, 1990 WL 63072, at *4.
[26] *Order on Bankruptcy Appeal,* ROA.912 - 913 (citing and quoting *Weir*).

### 3. The lower court's slippery slope fears do not overcome the Bankruptcy Court's reasoning.

The lower court's opinion depends in part upon its notion that debtors cannot be entitled to refrain from a short-term § 1398 election, where the Government is concerned. The lower court theorizes that in the absence of a short-term election by the debtor, an "impossible windfall for the creditors" occurs.[27] The lower court also imposes its opinion that a debtor who chooses not to make a short-term election, at least where the Government is concerned, needs to be saved from his choice not to make the election.[28]

Logically, for the reasons urged by the lower court in support of the Government,[29] most debtors who have made estimated tax payments will choose the short year election to reduce their tax liability, using both estimated tax payments as well as other bankruptcy estate assets to pay taxes. So, disputes such as the instant case, where Debtors made estimated tax payments but refrained from the short year election, should continue to be rare.

The lower court also seeks to justify its effective grant to the Government of a § 1398 election to protect "the honest but unfortunate debtor" from "saddling" himself "with a previously satisfied tax liability that will need to be paid a second

---

[27] *Order on Bankruptcy Appeal,* ROA.913.

[28] *Id.*

[29] *Id.*

time from new funds after he emerges from bankruptcy."[30] The honest and
unfortunate debtor the lower court seeks to protect does not need the lower court's
or the Government's assistance in avoiding such a predicament, because such a
debtor can elect the short year § 1398 tax proration. While the record in this case
does not reflect why Debtors did not make a short year election, the lower court
wrongfully proposes the judicial modification of § 1398 to eliminate a debtor's right
not to do so when there is a post-petition tax liability and a pre-petition transfer of
assets to the Government.

**4. Congress has expressly provided the Government with an option for post-petition tax claims to be paid as of the bankruptcy filing in Chapter 13 cases, so its omission of such an election in Chapter 7 cases should not be deemed inadvertent.**

In the context of Chapter 13, Congress has granted the Government the option
to file claims against the debtor's payment plan for post-petition taxes. 11 U.S.C.
§ 1305(a)(1). The Government also has the option to omit filing such claims and
instead pursue the debtor with a post-petition claim.[31] Given the option expressly
provided to the Government in Chapter 13, the omission of the Government from
the § 1398 short year election should not be deemed inadvertent, requiring correction
by a court.

---

[30] *Id.*
[31] E.g., *In re Woods*, 316 B.R. 522, 525 (Bankr. N.D. Ill. 2004).

21

## CONCLUSION and PRAYER

John Patrick Lowe, Appellant, respectfully prays that this Court reverse the lower court's ruling and render judgment in favor of Appellant, reinstating the Bankruptcy Court's Judgment Avoiding Transfers (ROA.242 - 244), and its orders granting summary judgment to Trustee (ROA.210 - 229) and denying summary judgment to the Government. (ROA.230 - 231)

Appellant also prays that this Court tax all costs against Appellees, in this Court and the court below, and award Appellant any such other relief at law or equity to which it may be justly entitled.

Respectfully submitted,

Regan Law Firm
13423 Blanco Rd., #533
San Antonio, TX 78216
Telephone: (210) 387-9747
Text *in lieu* of fax: (210) 387-9747
Email: Rod@RodRegan.com

By: s/Roderick J. Regan
   Roderick J. Regan
   State Bar No. 16733040
   Attorney for Appellant
   J. Patrick Lowe

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing was served via email transmission and/or electronically to all PACER participants, including the following, per the Federal Rules of Bankruptcy Procedure, on June 2, 2025.

Attorneys for Appellee, Internal Revenue Service

Matthew S. Johnshoy
US Department of Justice, Tax Division, Appellate Section
PO Box 502
Washington, DC 20044
BY THE CM/ECF SYSTEM ONLY

Andrew L. Sobotka
Tax Division, U.S. Department of Justice
717 N. Harwood St., Suite 400
Dallas, TX 75201
BY THE CM/ECF SYSTEM ONLY

s/Roderick J. Regan
Roderick J Regan

## CERTIFICATE OF COMPLIANCE

This document complies with the typeface requirements of Fed. R. App. Proc. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft 365 Word version 2306 in Times New Roman 14-point for text, and 12-point for footnotes. This document also complies with the word count limitations of Fed. R. App. Proc. 32(a)(7)(B)(i), if applicable because it contains 4439 words.

s/Roderick J. Regan
Roderick J. Regan